IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **SURDA MOHR**<br>5001 South Ave<br>Toledo, Ohio 43615 | *<br><br>* | Case No.<br><br>Judge |
| Plaintiff,<br>v. | * | **COMPLAINT; JURY DEMAND**<br>**ENDORSED HEREON** |
| | * | |
| **NORPLAS INDUSTRIES, INC.**<br>**dba T.E.AM. SYSTEMS**<br>1800 Nathan St<br>Toledo, Ohio 43611 | * | Francis J. Landry (0006072)<br>**WASSERMAN, BRYAN, LANDRY**<br> **& HONOLD, LLP**<br>1090 W. South Boundary St |
| Defendant. | *<br><br>* | Suite 500<br>Perrysburg, Ohio 43551<br>Telephone:  (419) 243-1239<br>Facsimile:  (419) 243-2719 |
| | * | Email:  FLandry308@aol.com<br>Attorney for Plaintiff |
| | * | Surda Mohr |

\*     \*     \*     \*     \*     \*     \*     \*

## JURISDICTION

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331, 1337, 1343, 2201 and 2202.  This is an action for a violation of the Family and Medical Leave Act, 29 U.S.C. Sections 2601 and 2615 and 2617.  This action, in part, is one for money damages, reinstatement, and liquidated damages resulting from an alleged unlawful termination of employment in violation of the Family and Medical Leave Act.  This action, is also in part, one for money damages, reinstatement, and liquidated damages resulting from an alleged unlawful termination of

employment in violation of the Americans with Disabilities Act.  Plaintiff filed a charge of discrimination with the Ohio Civil Rights Commission and Equal Employment Opportunity Commission on the basis of disability, charge number 22A-2022-00515c, attached hereto as Exhibit A and incorporated by reference as if fully restated herein.  On August 26, 2002, the district director of the EEOC notified Plaintiff of his right to file suit within ninety days in an appropriate federal district court, attached hereto as Exhibit B. On May 26, 2022, the Toledo Regional Director of the OCRC notified Plaintiff of his right to file suit within ninety days in an appropriate court, attached hereto as Exhibit C.  This Court's supplemental jurisdiction is also invoked over state law claims.

## PARTIES

2.      Plaintiff, Surda Mohr, is a citizen of the United States, and a resident of the City of Toledo, State of Ohio, who was employed by Defendant from October 2, 2019  until his termination on November 4, 2021.  At all times material hereto, Plaintiff was an employee of an employer within the meaning of the Family and Medical Leave Act in that the Plaintiff was employed for more than twelve months and worked more than 1250 hours during the 12 months preceding the incident which gave rise to his termination.

3.      Plaintiff states that the Defendant is a foreign corporation formed under the laws of the state of Delaware, and is duly licensed to do business in the State of Ohio, with a location in the City of Toledo, county of Lucas, State of Ohio. At all times material hereto, Defendant at all times had more than fifty (50) employees and was also an employer within the meaning of the Americans with Disabilities Act, and Ohio Revised Code Section 4112.01.

## NATURE OF THE CASE

4.     Plaintiff brings this action for damages and injunctive relief for an unlawful termination of his employment. Plaintiff alleges that in terminating him, the Defendant did so in violation of the Family and Medical Leave Act, Americans with Disabilities Act, and Chapter 4112 of the Ohio Revised Code.

**GENERAL ALLEGATIONS**

5.     Plaintiff was employed as a Forklift Operator for Defendant.

6.     Plaintiff began his employment with Defendant on October 2, 2019.

7.     Plaintiff performed his job well, and was a highly rated employee. He was well qualified for his position based on his education and experience.

8.     Plaintiff was injured on the job while employed with Defendant, and suffered from lumbar disc herniation.

9.     As a result of his injury, Plaintiff requested an accommodation of changing positions from sitting to standing as needed.

10.    On July 29, 2021 Plaintiff's accommodation was denied.

11.    Defendant forced Plaintiff to use FMLA leave and alleged that it was not able to accommodate his disability.

12.    Plaintiff was ready to return to work on October 29, 2021, but Defendant refused to permit Plaintiff to return to work.

13.    Defendant informed Plaintiff he could not return to work with any restrictions.

14.    Plaintiff was terminated from his position on November 4, 2021.

15.    Plaintiff's medical condition substantially impacts his daily life activities of bending, lifting, sitting, walking, and standing.

16. Plaintiff's medical condition substantially impacts his musculoskeletal bodily functions.

## FIRST CLAIM FOR RELIEF
### Family and Medical Leave Act– 29 U.S.C. Sections 2601 et seq.

17. Plaintiff incorporates each and every allegation contained in paragraph one (1) through sixteen (16) by reference in its entirety as if fully restated herein.

18. Plaintiff was at all times meeting his employer's legitimate expectations.

19. Plaintiff suffers from serious health conditions, as detailed above for which Defendant forced Plaintiff to take FMLA leave. Plaintiff's conditions substantially impacts his daily life activities of bending, lifting, sitting, walking, and standing.

20. When Plaintiff attempted to return to work after his FMLA leave, he was denied the ability to return and was terminated.

21. Allegedly Plaintiff was terminated because Defendant could not accommodate his work restriction.

22. Plaintiff states that the Defendant's proffered reason was false and pretextual, as Plaintiff performed his job to Defendant's reasonable expectations, and his work restriction could easily have been accommodated. Furthermore, employees who did not use FMLA time were not terminated in this fashion.

23. Plaintiff states that Defendant's action in terminating his employment constituted discrimination, and retaliation against Plaintiff because of his having an FMLA qualifying condition and his use of FMLA leave. Said conduct of Defendant is actionable pursuant to 29 U.S.C. Sections 2615 and 2617.

24. As a proximate result of the acts of Defendant, Plaintiff has suffered the loss of his job position including back pay, future pay, and lost fringe benefits and medical benefits. Plaintiff has also suffered great mental and emotional stress, anxiety, humiliation, and embarrassment. By

virtue of the willful violation of the act, Plaintiff is entitled to liquidated damages. Plaintiff has also been forced to incur court costs and attorney's fees.

## SECOND CLAIM FOR RELIEF
### Americans with Disabilities Act--42 U.S.C. Sections 12101 et seq.

25. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through twenty-four (24) of this Complaint, supra, by reference in its entirety as if fully stated herein.

26. Plaintiff states that at and prior to his termination, he was a disabled individual within the meaning of 42 U.S.C. Sections 12101 et seq. Alternatively, Plaintiff was disabled on the basis of his record of medical impairments and because he was perceived by defendant as being disabled.

27. Plaintiff states that on November 4, 2021, Defendant terminated Plaintiff because of his disability and/or because of its perceptions of his disability. Plaintiff states that he suffered from herniated lumbar discs. Said disabling conditions substantially limited Plaintiff's major life activities of Plaintiff's medical condition substantially impacts his daily life activities of bending, lifting, sitting, walking, and standing, and substantially impacts his musculoskeletal bodily functions. Plaintiff states that the Defendant was aware of his disability, as he had informed Defendant and Defendant forced him on a FMLA leave.

28. When Plaintiff attempted to return to work after his FMLA leave, he was denied the ability to return and was terminated. Allegedly Plaintiff was terminated because Defendant could not accommodate his work restriction. Plaintiff states that the Defendant's proffered reason was false and pretextual, as Plaintiff performed his job to Defendant's reasonable expectations, and his work restriction could easily have been accommodated.

29. At the time of and prior to his termination, Plaintiff was meeting and exceeding all of Defendant's legitimate expectations, and was a highly rated and skilled employee. Despite his

disability, Plaintiff can safely and substantially perform the essential functions of his position with or without an accommodation.

30. Employees other than Plaintiff, who are not disabled retained their positions. Plaintiff was not retained in his position, and upon information and belief, was replaced after his termination.

31. Plaintiff states that Defendant failed to properly accommodate his disability, and in terminating his employment, the Defendant violated and/or intentionally violated Section 12112(a) made actionable pursuant to 42 U.S.C. Section 12117.

32. As a proximate cause of the acts complained of, Plaintiff has suffered the loss of his job position, diminished earning capacity, lost wages, benefits, pension benefits, great mental and emotional distress, anguish, humiliation and embarrassment. Plaintiff has also been forced to expend litigation expenses and attorney's fees.

### THIRD CLAIM FOR RELIEF
### Disability Discrimination O.R.C. Sections 4112.02(A)

33. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through thirty-two (32) of this complaint by reference in its entirety as if fully restated herein.

34. Plaintiff states that at and prior to his termination, he was a disabled individual within the meaning of Ohio Revised Code Chapter 4112.02(A). Alternatively, Plaintiff was disabled on the basis of his record of medical impairments and because he was perceived by defendant as being disabled.

35. Plaintiff states that on November 4, 2021, Defendant terminated Plaintiff because of his disability and/or because of its perceptions of his disability. Plaintiff states that he suffered from herniated lumbar discs. Said disabling conditions substantially limited Plaintiff's major life activities of Plaintiff's medical condition substantially impacts his daily life activities of bending, lifting, sitting, walking, and standing, and substantially impacts his musculoskeletal bodily

functions. Plaintiff states that the Defendant was aware of his disability, as he had informed Defendant and Defendant forced him on a FMLA leave.

36. When Plaintiff attempted to return to work after his FMLA leave, he was denied the ability to return and was terminated. Allegedly Plaintiff was terminated because Defendant could not accommodate his work restriction. Plaintiff states that the Defendant's proffered reason was false and pretextual, as Plaintiff performed his job to Defendant's reasonable expectations, and his work restriction could easily have been accommodated.

37. At the time of and prior to his termination, Plaintiff was meeting and exceeding all of Defendant's legitimate expectations, and was a highly rated and skilled employee. Despite his disability, Plaintiff can safely and substantially perform the essential functions of his position with or without an accommodation.

38. Employees other than Plaintiff, who are not disabled retained their positions. Plaintiff was not retained in his position, and upon information and belief, was replaced after his termination.

39. Plaintiff states that Defendant failed to properly accommodate his disability, and in terminating his employment, the Defendant violated and/or intentionally violated Chapter 4112.02(A).

40. As a proximate result of the actions of Defendants as complained of herein, said Plaintiff has suffered the loss of his job position, back wages, seniority, fringe benefits and pension benefits, diminished earning capacity and great mental and emotional stress, anxiety, humiliation and embarrassment all to his damage. Plaintiff has also been forced to expend litigation expenses and attorney's fees.

**WHEREFORE,** Plaintiff demands a judgment ordering reinstatement to his position together with lost back pay seniority and benefits or in the alternative for an award of front pay in

lieu of reinstatement and judgment against Defendant for compensatory and punitive damages for emotional distress, anxiety, humiliation and embarrassment plus his costs, interest and reasonable attorney fees. Plaintiff also seeks an amount of liquidated damages equal to his damages and costs and attorney fees all together with prejudgment and post judgment interest. Plaintiff further prays for whatever other legal or equitable relief he may appear to be entitled to.

Respectfully submitted,

**WASSERMAN, BRYAN, LANDRY & HONOLD, LLP**

s/Francis J. Landry
Francis J. Landry, Attorney for
Plaintiff, Surda Mohr

## JURY DEMAND

Plaintiff demands a jury trial as to all issues so triable in the within cause.

s/Francis J. Landry
Francis J. Landry